**John P. THOMPSON and wife Mary Carol Thompson, Appellants,**

v.

**Ellis CAMPBELL, Jr., District Director of Internal Revenue, Appellee.**

No. 22027.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1965.

A. E. Aikman, Charles R. Johnson, J. J. French, Jr., of Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Barefoot Sanders, U. S. Atty., Dallas, Tex., David O. Walter, and Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., Martha Joe Stroud, Asst. U. S. Atty., for appellee.

Before RIVES, BROWN and MOORE,* Circuit Judges.

PER CURIAM.

This case closely parallels Campbell v. Wheeler, 5 Cir., 1965, 342 F.2d 837. The origin of the fortunes and the planned mechanism of the personal loan from the bank secured by prescribed assets of Taxpayer, the incorporation of the controlled corporation, the transfer of the encumbered assets to the corporation, and the assumption by the corporation of the former personal liability to the bank of the transferor-Taxpayer were substantially identical. The difference was twofold. In Wheeler the taxpayer obtained a finding from the trial Court that the transfer and assumption of liability had a business purpose—largely to obtain funds with which to pay that taxpayer's

* Of the Second Circuit, sitting by designation.

788

personal income taxes—and was not for a tax avoidance purpose. We reversed. Here the trial Court held against Taxpayer on the facts. Taxpayer contended that this arrangement was followed and the debt incurred to afford capital for future investment by him in an enterprise the family thought would be good for a younger brother, then in college, and to put Taxpayer's assets in a readily manageable form. The trial Judge in several different ways found that Taxpayer had failed in the statutory burden of showing by a clear preponderance of the evidence that the assumption of liability by the corporation was for a bona fide business purpose and was not for the principal purpose of avoiding federal income taxes.

■■ Of course, it was the acquisition of the properties subject to the debt and the assumption by the transferee corporation of Taxpayer's former personal liability which gave rise to the problem under § 357(a) and (b), 26 U.S. C.A. § 357. The statute plainly put on taxpayer the burden of proving "by the clear preponderance of the evidence," § 357(b) (2), that "the assumption [of a liability of the taxpayer] or acquisition [from the taxpayer of property subject to a liability]" met the dual test of subsections (A) and (B). § 357(b) (1) (A), (B). Thus Taxpayer had to establish that his principal purpose "with respect to the assumption or acquisition" was not "(A) * * * to avoid federal income tax on the exchange," and that the "arrangement for the assumption or acquisition," § 357(b) (1), was for "(B) * * * a bona fide business purpose," § 357(b) (1) (B). Coming to us with the insulation of F.R.Civ.P. 52(a), the trial Court's critical conclusions more than pass muster here. They are not weakened by the trial Judge's conclusion that independent of the crucial purpose for the transfer of properties subject to the debt and the assumption by the corporation of Taxpayer's liabilities, the

purpose for creating the corporation under the circumstances of this record was irrelevant. None of the other asserted errors has any merit.

Affirmed.